**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Frank C. Brown, Jr.,

     Plaintiff,

    v.                             **Case No. 2:10-cv-283**

Warden Deb Timmerman-Cooper,        **JUDGE EDMUND A. SARGUS, JR.**
et al.,                                    **Magistrate Judge Kemp**

     Defendants.

Frank C. Brown, Jr.,

        Plaintiff,                     **Case No. 2:10-cv-352**

    v.                             **JUDGE EDMUND A. SARGUS, JR.**
                                     **Magistrate Judge Kemp**
Russ Parish, et al.,

       Defendants.

## OPINION AND ORDER

In these two prisoner civil rights cases, plaintiff, Frank Brown, Jr., filed summary judgment motions on January 26, 2011. Defendants have not responded to either motion. For the following reasons, both motions will be denied.

### I.

The Court chooses to treat these two motions in a single order, even though they relate to suits involving different subject matters, because of their overlapping procedural history. In both cases, Mr. Brown claims to have served discovery upon defendants to which a response was never made. In both cases, after the summary judgment motions were filed but prior to the time a response was due, defendants moved to revoke Mr. Brown's *in forma pauperis* status and also moved to stay the proceedings until that motion was resolved. The motion was denied by the

Magistrate Judge on April 14, 2011, and the Court overruled the defendants' objections to that order on May 4, 2011.

The Court's order overruling the motion to revoke Mr. Brown's *in forma pauperis* status also denied the motion to stay. Technically, that triggered an obligation on the defendants' part to respond to all pending motions. However, they had filed a separate motion for an extension of time to respond to all pending motions while the motion to revoke was under consideration, and the Court's order did not specifically deny that motion, although it did remove the basis for it and render it moot. Defendants appeared to recognize that fact with respect to motions which Mr. Brown had filed seeking preliminary injunctive relief, because they subsequently requested an additional extension (which the Court granted) to respond to those motions. However, they never asked for additional time to respond to the two pending summary judgment motions, nor have they ever responded to them. They have subsequently filed motions to revoke Mr. Brown's *in forma pauperis* status, on different grounds than those asserted in support of the prior motions, and have moved for judgment on the pleadings. Most recently, on August 29, 2011, they moved for a stay of each case pending resolution of the motions for judgment on the pleadings, a motion which is not yet ripe for decision. The question raised by this procedural history is how it affects the Court's ability to rule on the summary judgment motions. At this point, the cases diverge due to differences in their subject matter.

## II.

The Court begins with the motion for summary judgment filed in Case No. 2:10-cv-352. That motion recites two reasons why Mr. Brown is entitled to summary judgment: the defendants did not respond to his discovery, and his affidavit supports entry of a judgment in his favor.

2

Since the discovery which Mr. Brown served on defendants is not attached to the motion, the Court is unable to determine the significance of their alleged failure to respond to it. And although defendants have not filed an opposing memorandum, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). That leaves the affidavit as the sole basis for the motion.

As the Court of Appeals stated in *Carver*, it is always the movant's burden, in the context of a summary judgment motion, to demonstrate both the absence of any disputes of material fact and to show an entitlement to judgment as a matter of law. Mr. Brown's affidavit asserts that the state has not supplied him and other inmates with the state-mandated amount of clothing, linens, hygiene materials, laundry detergent, washers, dryers, and cleaning supplies. An Eighth Amendment claim based on allegedly unconstitutional conditions of confinement requires more, however, than proof that state-mandated standards have not been met. *Cf. Hadix v. Johnson*, 367 F.3d 513, 527-28 (6th Cir. 2004) (violation of safety codes does not necessarily establish an Eighth Amendment violation; it is the job of the Court to determine when such "deficiencies ceased being mere deficiencies and, instead, became constitutional violations" under the "violation of contemporary standards of decency" test found in *Rhodes v. Chapman*, 452 U.S. 337 (1981)). Since the record does not unequivocally support a finding that because these state standards were not met, Mr. Brown was subjected to living conditions that violated contemporary standards of decency, the Court cannot award him summary judgment simply on the basis of his unopposed motion.

**III.**

3

The motion for summary judgment in Case No. 2:10-cv-283 differs simply because that case involves a different subject matter, namely denial of access to the Courts. Mr. Brown's affidavit supporting that motion also points out defendants' failure to respond to his discovery requests, but it goes on to detail a number of cases which Mr. Brown had filed in state or federal courts which he either was prevented from prosecuting in a timely fashion, or in which a motion to dismiss is pending based upon his failure to meet some time limit. He claims that all of these failures are attributable to the defendants' conduct. With one exception, that being a §2254 case filed in the Northern District of Ohio, he has not identified the subject matter of these cases; in the §2254 action, he asserts that the State of Ohio "is attempting" to have it dismissed because he did not file it in a timely fashion, but he does not indicate whether such dismissal actually occurred.

Like the affidavit in Case No. 2:10-cv-352, this affidavit does not satisfy Mr. Brown's burden of demonstrating both the absence of a dispute as to the material facts, and an entitlement to judgment as a matter of law. First, the only types of cases which implicate First Amendment access to the courts issues, at least in the prisoner litigant context, are cases challenging conditions of confinement, the validity of a conviction, or the length of a sentence. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). With the exception noted above, Mr. Brown has not shown that any of the other cases described in his affidavit meet these criteria. Additionally, it is not enough for a prisoner claiming denial of the right of access to the courts to show that he was prevented from making a filing at all, or making it timely. The prisoner also has to show that the claim he was prevented from pursuing was not frivolous. *See Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999), *citing Lewis v. Casey, supra*, at 351. Mr. Brown's affidavit does not address

4

this issue at all.  He is therefore not entitled to summary judgment in Case No. 2:10-cv-283 simply on the basis of the affidavit he filed.

## IV.

The Court does wish to add that it is by no means condoning the defendants' failure to respond to these two motions.  It is somewhat understandable that, given the way in which these proceedings have been complicated by defendants' multiple requests for stays and for time extensions, they may have overlooked the fact that these two motions were never opposed.  The Court does not believe that defendants' counsel intentionally failed to respond to motions requesting judgment against their clients.  At the same time, much of the procedural complications in these cases have been precipitated by the defendants themselves, and they do have a responsibility to insure that they keep track of what has been filed and when their responses are due, and do not assume that just because they have asked either for an extension or a stay, or both, that such relief will be granted.  In the particular circumstances of these two motions, however, the Court is required by binding precedent to determine if Mr. Brown has shown an entitlement to summary judgment notwithstanding the defendants' failure to oppose his motions.  Because he has not, both motions must be denied.

## V.

For all of these reasons, Mr. Brown's motions for summary judgment (#20 in Case No. 2:10-cv-283 and #20 in Case No. 2:10-cv-352) are **DENIED.**

**IT IS SO ORDERED.**

9-18-2011
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5