```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Frank C. Brown, Jr.,

    Plaintiff,

  v.                              Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,    JUDGE EDMUND A. SARGUS, JR.
et al.,                           Magistrate Judge Kemp

    Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

    Plaintiff Frank C. Brown, Jr., a state prisoner residing at the London Correctional Institution, filed this civil rights action under 42 U.S.C. §1983. In his complaint, as explained in prior orders of this Court, Mr. Brown alleges that he and other inmates at London were denied adequate amounts of clothing, linens, hygiene materials, laundry detergent, washers, dryers, and cleaning supplies. Mr. Brown asserts that the defendants' actions violated the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

    The defendants have filed a motion for judgment on the pleadings, raising two distinct types of arguments. First, they assert that, in both this and other cases filed by Mr. Brown, the Court should revoke his *in forma pauperis* status (which, under the Prison Litigation Reform Act, allows the filing fee for the case to be paid in installments) and direct the immediate payment of the full filing fee, based on what defendants describe as Mr. Brown's history of abusive litigation. That issue will be addressed separately. Second, they contend that Mr. Brown did not properly exhaust administrative remedies with respect to this claim, and that even if he may bring this case based on events which affected him personally, he may not pursue class-based

relief because he is proceeding *pro se*. They also assert, in very brief fashion, that the complaint does not allege the requisite level of personal involvement of the defendants in the matters about which Mr. Brown complaints. For the following reasons, it will be recommended that the motion for judgment on the pleadings be granted as to Mr. Brown's class action allegations and denied in all other respects.

## I.  The Facts

For purposes of ruling on a motion for judgment on the pleading, the well-pleaded and plausible facts must be taken to be true. See, e.g., Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). Here, the disposition of the defendants' motion does not, for the most part, turn on the facts pleaded in the complaint other than those relating to Mr. Brown's efforts to exhaust his administrative remedies. This statement of facts will focus on that issue. More precisely (because this is the deficiency defendants have identified in the way Mr. Brown filed his grievances), the Court will focus on which prison officials, if any, were identified in the grievances as being responsible for denying Mr. Brown adequate clothing, linens, and other necessities. Other facts will be discussed, as necessary, in connection with the defendants' remaining arguments.

Based on the exhibits which he attached to the complaint, the Court assumes the following facts to be true concerning Mr. Brown's use of the prison grievance process. On September 9, 2008, Mr. Brown filed an informal complaint which stated that he did not, upon his transfer to London, receive enough underwear or laundry bags, and that he did not get a hooded sweatshirt or a pair of properly-fitting boots. He also referred to the laundry policy and the fact that, apparently, he was only permitted to wash his clothing once a week. No specific person is named in

the complaint, but it does refer to the quartermaster as the person who issued the clothing. He filed almost the identical complaint as his appeal from the resolution of his informal complaint. That appeal was denied on grounds that he already had more than the permitted amount of property as it related to most clothing items such as "blues," boots, hats and socks. The denial made specific reference to having found no violations by the quartermaster, who apparently is an inmate. The complaint does not appear to include a copy of Mr. Brown's appeal from that resolution.

It is not clear exactly what happened next. The only other documents that are attached to the complaint and which are part of the grievance process are a disposition of a grievance filed on May 4, 2009 (but that grievance is not a part of the record) and a decision of the Chief Inspector on the appeal from that disposition. The appeal itself is also not attached to the complaint. Both of these documents denied Mr. Brown's grievance on grounds that Mr. Brown was not entitled to four sets of clothing, as he had apparently claimed, and that it could not be determined that the institution had violated department policy with regard to laundry. No grievance appears to have been denied on grounds that Mr. Brown did not adequately identify the persons against whom his grievance was directed.

## II. Discussion
### A. Exhaustion

The Prison Litigation Reform Act requires a prisoner to exhaust any available grievance process within the prison system prior to filing suit about the matter which was or should have been the subject of such a grievance. It provides, in 42 U.S.C. §1997e(a), that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is "mandatory," see Woodford v. Ngo, 548 U.S. 81, 84 (2006), and the Supreme Court has held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..." Id. at 90.

In Ohio, the prison grievance procedure is laid out in Ohio Administrative Code §5120-9-31. It provides for a three-step process to be followed. First, the inmate must file an informal complaint within fourteen days of the occurrence, which must be directed "to the direct supervisor of the staff member ... responsible for the particular subject matter of the complaint." Once that step has been completed, the inmate must direct a notification of grievance to the inspector of institutional services. Finally, assuming the inmate is still dissatisfied with the response, an appeal must be taken to the office of the chief inspector. O.A.C. §5120-9-31(K). If the grievance is against the warden or the inspector of institutional services, it must be filed directly with the office of the chief inspector. O.A.C. §5120-9-31(M). Such a grievance must provide details about the Warden's direct personal involvement in the matter complained of.

Although exhaustion of administrative remedies is required by the PLRA, the Supreme Court has made it clear that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Thus, Mr. Brown had no obligation to attach any copies of his grievances or the disposition of those grievances to the complaint in order for it to survive a motion for judgment on the pleadings. Further, unless the defendant themselves submit copies of the missing grievances, and the Court then

-4-

converts the motion into one for summary judgment, the question of adequate exhaustion cannot be resolved in the context of a motion for judgment on the pleadings unless the failure appears from the face of the complaint.  See, e.g., Damron v. Sims, 2010 WL 3120061 (S.D. Ohio Jan 27, 2010), adopted and affirmed 2010 WL 3075119 (S.D. Ohio Aug 3, 2010).

Here, the Court simply does not know, and cannot determine from the current record, what Mr. Brown said in some of his grievances or appeals about the involvement of any specific defendants.  The defendants themselves have not supplied the Court with copies of the missing grievances or appeals.  In their reply, they argue that Mr. Brown conceded, in his memorandum in opposition (#40), that he did not name specific individuals in his grievances.  The precise statement they rely on reads thusly: "Brown has properly exhausted his administrative remedies even though he *may have failed* to identify *each defendant* as personally involved in the initial grievance procedure ...." (Doc. #40, at 2)(emphasis supplied).  While this can be read a concession of some sort, it does not tell the Court if Mr. Brown is admitting that he identified none of the defendants properly, or that he may not have identified all six of them in his grievances, but that he did identify some of them.  Again, without the grievances themselves, the Court simply cannot address the issue properly.  Defendants are, of course, free to file a summary judgment motion on this issue and attach copies of the entire administrative file on this issue, but in the absence of that documentation (and given that only a motion for judgment on the pleadings was filed), the defendants are not currently entitled to judgment on grounds of failure to exhaust administrative remedies.

### B.  Personal Involvement

Defendants also raise, as an adjunct to their argument about

proper exhaustion of administrative remedies, the question of whether Mr. Brown's complaint adequately alleges the personal involvement of any of the defendants in the matters about which he complains. Again, since the issue has been raised in a motion for judgment on the pleadings, a close review of the complaint is needed in order to determine its sufficiency, and, in particular, whether it does contain plausible allegations of direct personal involvement by any of the defendants, most of whom occupy supervisory positions such as Warden, Deputy Warden, Inspector of Institutional Services, or ODRC Director.

The complaint alleges that "defendants have continuously engaged and are still engaging in a practice of cruel and unusual punishment by not providing adequate clothing and sanitary conditions" within the London Correctional Institution. Each additional allegation about lack of laundry facilities, soap, linens, or other items is attributed to "them." The grievances support Mr. Brown's claim (which he repeats in his opposing memorandum) that his complaints are directed not so much to individual decisions to deny him a certain amount of clothing, laundry services, soap, or linens, but to what he claims was and is an institutional policy concerning how many of these items or services are provided to each inmate.

It is certainly true that liability under §1983 cannot be premised solely on the existence of a supervisory relationship between a state official who directly violated the constitution and a person or entity which exercises supervisory authority over that official. See Monell v. Department of Social Services, 436 U.S. 658 (1978); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). However, courts have held that claims such as the ones made in Mr. Brown's complaint "are adequate to allege the personal involvement of the defendant supervisory officials, as the claims stem not from individual treatment decisions of

-6-

particular medical professionals, but the staffing and policy decisions of the supervisory officials." Rouse v. Caruso, 2011 WL 918327, *12 (E.D. Mich. Feb 18, 2011), adopted and affirmed 2011 WL 893216 (E.D. Mich. Mar 14, 2011).  Thus, "[a] senior jail official who was not personally involved in the acts or omissions complained of nonetheless may be liable in his individual capacity if he can be expected to have either known of or participated in creating systemic inadequate conditions at the jail."  Warren ex rel. Warren v. Dart, 2010 WL 4883923, *6 (N.D.Ill. Nov 24, 2010); see also Antonelli v. Sheahan, 81 F3d 1422, 1428-29 (7th Cir. 1996)(drawing a distinction between "localized" and "systemic" complaints and permitting the latter to go forward against supervisory officials because they "can be expected to know of or participate in creating systemic, as opposed to localized, situations").

Again, it is important to emphasize that at this point in the case, the Court is determining only if the complaint plausibly states a claim from which the personal involvement of the defendants can be inferred.  See, e.g., Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  It clearly asserts that all of the defendants were involved in creating and enforcing the clothing, linen and laundry policies at issue here.  Given that the alleged constitutional deprivations resulted directly from the application of these policies, it is plausible to assume that all of the defendants, even the Director of ODRC, were aware of them.  The defendants are therefore not entitled to judgment on the pleadings on this basis.

### C.  Class Action Allegations

The other issue which will be addressed here is whether Mr. Brown may maintain this case as a class action.  This Court has repeatedly held that *pro se* prisoners may not serve as class representatives or pursue legal action on behalf of inmates other

than themselves.  See, e.g., Brown v. Warden Ross Correctional Inst., 2011 WL 6012342 (S.D. Ohio Dec 1, 2011); Tarpley v. Jefferson County Com'rs, 2010 WL 300609 (S.D. OHIO Jan 19, 2010). This is so because they cannot, as non-attorneys, fairly represent the interests of the class as required by Fed.R.Civ.P. 23(a).  See Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th cir. June 20, 2001).  Therefore, to the extent that the complaint contains class action allegations, defendants are entitled to judgment on the pleadings as to such claims.

### III.  Other Motions

There are two other motions pending in this case which fall within the jurisdiction of the Magistrate Judge to determine in the first instance.  They are Mr. Brown's motion for leave to supplement and to strike (#56) and defendants' motion for an extension of time (#61).  The former motion does not appear to be specific to this case and requests no relief that would affect the recommendation being made on the motion for judgment on the pleadings.  The latter motion is moot.  Both motions will be denied.

The other pending motions are all motions which must be finally ruled on by the District Judge because they ask, in one form or another, for some type of interim injunctive relief. Since this recommendation leaves this case pending, if that recommendation is adopted, those motions will require a ruling. That should be done by way of a separate order, since they pertain not just to this case but to Mr. Brown's other pending cases, some of which may be subject to a recommendation that they be dismissed in whole or in part.

### IV.  Recommendation and Order

Based on the foregoing, it is recommended that the motion for judgment on the pleadings (#38) be granted as to the class action claims asserted in the complaint and denied in all other

respects.  It is further ordered that Mr. Brown's motion for leave to supplement and to strike (#56) and defendants' motion for an extension of time (#61) are denied.

V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/Terence P. Kemp
United States Magistrate Judge