# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                   Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,     JUDGE EDMUND A. SARGUS, JR.
et al.,                               Magistrate Judge Kemp

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,                       Case No. 2:10-cv-352

  v.                                   JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp

Russ Parrish, et al.,

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                   Case No. 2:10-cv-783

                                        JUDGE EDMUND A. SARGUS, JR.
Kelly Mason, et al.,                 Magistrate Judge Kemp

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,                       Case No. 2:10-cv-965

  v.                                   JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp

Captain Andre J. Johnson,
    et al.,

Defendants.
Frank C. Brown, Jr.,

        Plaintiff,

   v.                                 Case No. 2:10-cv-967
                                       JUDGE EDMUND A. SARGUS, JR.
Warden Deb Timmerman-Cooper,    Magistrate Judge Kemp
et al.,

        Defendants.

## OPINION AND ORDER

Plaintiff, Frank C. Brown, Jr., has filed these five cases arising out of his confinement at the London Correctional Institution (and, to some extent, other correctional institutions) operated by the Ohio Department of Rehabilitation and Correction. Each case deals with different subjects, ranging from the alleged denial of proper clothing to retaliation for Mr. Brown's use of the prison grievance system and interference with his right of access to the courts. Reports and Recommendations have been filed by the Magistrate Judge in all five cases which recommend the total dismissal of two of them and the partial dismissal of a third.

There are a number of motions common to each case. They include, most significantly, Mr. Brown's repeated requests for injunctive relief against what he claims to be a pattern of harassment engaged in by prison officials, and the defendants' motion to stay litigation in all of these cases pending a decision on their dispositive motions and, in some of the cases, resolution of a motion to revoke Mr. Brown's *in forma pauperis* status and to require him to pay the balance of the filing fee immediately. That request has been addressed in a separate order. The purpose of this order is to resolve the pending motions for injunctive relief and for a stay.

2

I.

The Court will begin by summarizing Mr. Brown's multiple filings concerning injunctive relief. He claims that officials at London have changed long-standing policies regarding inmates' ability to obtain copies of legal documents on a credit basis and that inmates who are placed on commissary restriction (as he was after having been found guilty of certain misconduct) cannot buy copy cards. He also claims that inmates are no longer allowed to keep electronic copies of their legal documents on institution computers, and that institution officials are deleting such documents on a regular basis. He argues that the combination of these policies is negatively affecting his ability to litigate both the cases he has pending here, and cases pending in other courts. He later supplemented his motion for injunctive relief with information that he had been placed in segregation because he was under investigation for some unspecified conduct. At the time he filed that supplemental motion, he had been in segregation for seven days and had been denied access to his legal materials. In addition to the relief he requested in his prior motion (the restoration of inmates' ability to get copies on credit and store documents electronically on the institution's computers), he asked the Court to order defendants to disclose the reason for his placement in segregation and to give him immediate access to his legal materials, or, alternatively, to return him to the general population. Most recently, he filed another supplemental motion stating that he had been in segregation for 100 days and was still being denied access to any personal or general legal material. He asserted that his ability to continue to prosecute a number of legal actions, including his federal habeas corpus action, was being adversely affected.

Defendants have filed various responses to these motions. Their counter-arguments

3

include (1) that the subject of the request for injunctive relief is unrelated to the merits of most if not all of the cases Mr. Brown currently has pending here; (2) Mr. Brown is not, based on the case-dispositive motions filed by the defendants, likely to succeed on the merits of any of his underlying claims; (3) his motion does not ask for preservation of the *status quo*, but a change in the parties' current positions; (4) he does not cite the legal standard applicable to his motion, in contravention of Local Civil Rule 7.2(a)(1); (5) that as a factual matter, Mr. Brown was given access to his legal materials on August 25, 2011, and can get additional access through staff members in segregation, but has not made any additional requests; and (6) that Mr. Brown has not demonstrated any actual injury to any pending litigation - particularly his habeas corpus action - as result of his placement in segregation. The affidavit attached to defendants' latest response also states that, as of December 5, 2011, Mr. Brown was awaiting transfer to another institution, something which would moot his specific claim for injunctive relief as it relates to events which have occurred at London. As of this date, however, Mr. Brown has not submitted a change of address to the Clerk, so the Court assumes that he remains at London.

II.

Defendants state correctly that a motion for interim injunctive relief is usually judged under a four-part inquiry, consisting of (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. *See Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). No one factor is dispositive. Rather, these four factors must be balanced in

4

determining whether preliminary injunctive relief should issue. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

Here, the inquiry must be modified somewhat because, as defendants also correctly point out, to some extent Mr. Brown's request for injunctive relief raises different issues than the ones raised in his complaints. The subject matters of the five actions in which he has made his request are (1) provision of inadequate clothing, linens, and laundry services and supplies (Case No. 2:10-cv-283); (2) denial of access to legal materials (Case No. 2:10-cv-352); (3) denial of access to, and loss of, legal materials (Case No. 2:10-cv-783); (4) retaliation for engaging in protected First Amendment activity (Case No. 2:10-cv-965); and (5) transfers to different institutions in order to deny him access to the courts (Case No. 2:10-cv-967). Nevertheless, his current claim is that some of the practices alleged in some of his cases, particularly those relating to denial of access to the courts, access to legal materials, and retaliation (he claims that the current investigation was launched in retaliation for his having named Corrections Officer Jeffrey Jones as a defendant in one of his cases), are ongoing, and that in each of these cases, regardless of the subject matter, his ability to litigate will be affected unless the Court grants him injunctive relief.

Despite this disparity in subject matters, the issues raised by Mr. Brown's motion are proper subjects for the Court to consider in the context of pending litigation because they are actions which allegedly impair his ability to prosecute or defend this litigation. "[A] federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action" even if the subject of the underlying suit is not related to an alleged denial of access to the courts. *Turner v. Sacramento County Sheriff*, 2010 WL 1980193, *1 (E.D. Cal.

5

May 11, 2010), *adopted and affirmed* 2010 WL 2574111 (E.D. Cal. June 24, 2010). However, the Court cannot grant relief simply because an inmate's access to his legal materials, or to the law library, has been affected in some way; that is, "it is not enough for an inmate to show some sort of denial. [He must prove] [a]n 'actual injury' [which] is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Id.* at *2, *citing Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Given this standard, the Court finds that Mr. Brown's motions fail because he has not demonstrated any irreparable injury that cannot be redressed by adequate relief either in these cases or the others which he identifies in his motion. As to his habeas corpus case, he has not made even a preliminary showing that the case has merit, or that the document he intended to file (an objection to a Report and Recommendation) had any merit. In fact, the docket sheet from that case, available on-line from the Northern District of Ohio, shows that he was granted a liberal extension of time to file his objections, that he did file objections (which included citations to legal authorities and to the record in that case), that his objections were considered on their merits and overruled, and that his habeas petition was dismissed as having been untimely filed, with the District Judge certifying that any appeal from that decision could not be taken in good faith. *See Brown v. Timmerman-Cooper*, Case No. 3:10-cv-1941 (N.D. Ohio November 28, 2011). Thus, any request for relief in that case was (1) properly addressed to, and considered by, the assigned District Judge, and (2) mooted by subsequent events.

The only other cases involving either the fact or conditions of his confinement that Mr. Brown identifies in his motion are these five cases. In each, Mr. Brown has been able, despite the alleged denial of access to his legal materials, to oppose all motions filed by the defendants.

6

The Court has, through the Magistrate Judge, reviewed his responses and has been able to make recommendations as to the proper disposition of those motions without any apparent adverse effects from Mr. Brown's claimed lack of copies, access to legal materials, or to the law library. In short, he has not demonstrated the type of prejudice to these pending actions which cannot be cured by granting him extensions of time - which the Court has done - or by dealing with the issue on a case-by-case, motion-by-motion basis. The type of sweeping injunction he requests, including relief from his current confinement in segregation, is too broad a remedy, and not in keeping with the need to tailor injunctive relief narrowly in order to prevent truly irreparable harm. *See, e.g., Acoolla v. Angelone*, 186 F.Supp. 2d 670, 671 (W.D. Va. 2002) ("A district court should issue preliminary injunctive relief only sparingly ...").

As far as a stay of proceedings is concerned, while the Court has discretion to stay a case pending resolution of a dispositive motion, a stay is mandated in those situations where governmental defendants have raised a claim of qualified immunity unless there is discovery needed to frame the immunity issue. *See generally Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). That has occurred in at least one of these cases. Further, it does not appear that there has been much, if any, activity in these cases other than the filing of the motions dealt with in this Opinion and Order or the motions addressed in the Magistrate Judge's Reports and Recommendations, so there is not anything currently occurring to which a stay would apply. The Court does believe, however, that it makes sense for the parties not to conduct discovery while the Reports and Recommendations are under consideration, because the Court's ultimate rulings will determine which cases, if any, will go forward and what issues will remain for decision. To that extent, the motions for stay are well-taken and will be granted pending the Court's final

7

determination of the various case-dispositive motions that are pending.

III.

For the reasons stated above, all motions for injunctive relief filed in these five cases, including these motions: Docs. 25, 42, and 57 in Case No. 2:10-cv-283; Docs. 25, 42, and 56 in Case No. 2:10-cv-352; Docs. 30, 41, and 58 in Case No. 2:10-cv-783; Docs. 10, 29, and 44 in Case No. 2:10-cv-965; and Docs. 18, 39, and 53 in Case No. 2:10-cv-967, are **DENIED.** All pending motions to stay, including these motions: Docs. 41 and 46 in Case No. 2:10-cv-283; Doc. 46 in Case No. 2:10-cv-352; Doc. 45 in Case No. 2:10-cv-783; Docs. 20 and 28 in Case No. 2:10-cv-965; and Docs. 38 and 43 in Case No. 2:10-cv-967, are **GRANTED.** Mr. Brown's motion for an order from this Court compelling a ruling from the Ohio Court of Claims (Doc. 50 in Case No. 2:10-cv-783) is **DENIED.**

**IT IS SO ORDERED.**

1-12-2012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**