IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                    Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,      JUDGE EDMUND A. SARGUS, JR.
et al.,                                     Magistrate Judge Kemp

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,                          Case No. 2:10-cv-352

  v.                                    JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp

Russ Parrish, et al.,

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                    Case No. 2:10-cv-783

                                        JUDGE EDMUND A. SARGUS, JR.
Kelly Mason, et al.,                       Magistrate Judge Kemp

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,                         Case No. 2:10-cv-965

  v.                                    JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp

Captain Andre J. Johnson,
    et al.,

**Defendants.**
**Frank C. Brown, Jr.,**

    **Plaintiff,**

    v.

**Warden Deb Timmerman-Cooper,**
**et al.,**

    **Defendants.**

**Case No. 2:10-cv-967**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kemp**

## OPINION AND ORDER

    Plaintiff, Frank C. Brown, Jr., has filed these five cases arising out of his confinement at the London Correctional Institution (and, to some extent, other correctional institutions) operated by the Ohio Department of Rehabilitation and Correction. Each case deals with different subjects, ranging from the alleged denial of proper clothing to retaliation for Mr. Brown's use of the prison grievance system and interference with his right of access to the courts.

    In each case, Mr. Brown has made repeated requests for injunctive relief against what he claims to be a pattern of harassment engaged in by prison officials. In particular, he has asked the Court to intervene to prevent what he describes as ongoing efforts by prison officials to interfere with his ability to litigate these and other cases.

    In an order filed on January 13, 2012, the Court denied all of his pending requests for injunctive relief. Mr. Brown has now asked the Court to reconsider that order, a request which defendants oppose. For the following reasons, the motion for reconsideration will be denied.

I.

Mr. Brown is asking the Court to reconsider an interlocutory order. As this Court has noted,

> The Federal Rules do not expressly provide for "Motions to Reconsider." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir.2004). Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id.* Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier.

*Northeast Ohio Coalition for Homeless v. Brunner,* 652 F.Supp.2d 871, 877 (S.D. Ohio 2009)(Marbley, J.), *citing J.P. v. Taft,* 2006 WL 689091, *13 (S.D. Ohio Mar. 15, 2006). There has been no intervening change in the law, and the Court does not believe its prior order was clearly erroneous, so the only question raised by the pending motion is whether the Court should reconsider the order based on newly-submitted evidence.

II.

The prior order rested on several bases. First, the Court concluded that Mr. Brown had not shown that he had been prejudiced (and therefore was unable to demonstrate irreparable injury) with respect to his ability to prosecute any of these five cases. Second, he had not demonstrated that any future risk of injury existed with respect to his habeas corpus action which was filed in the United States District Court for the Northern District of Ohio. That case had already been dismissed by the time the Court issued its order. The docket sheet in that case shows that Mr. Brown filed a notice of appeal, and the matter is pending before the Court of

3

Appeals currently (although the District Court certified that the appeal was not taken in good faith and declined to issue a certificate of appealability). He has not argued that his current situation is affecting his ability to pursue whatever issues might be before the Court of Appeals in that case, so there are no new facts about his habeas case which would warrant reconsideration of the prior order.

As far as these cases are concerned, the one new allegation he makes is that he has been unable to file an amended complaint in Case No. 2:10-cv-965 because, after his transfer to the Madison Correctional Institution (which does moot any claims for injunctive relief which he might have had against officials of the London Correctional Institution where he was previously housed), he was denied most of his legal materials and given only sporadic access to what he believes to be an insufficient law library. He asserts that the officials at one or the other of the institutions are now enforcing a property limit rule in an incorrect way and did not allow him to take his materials pertaining to these cases to his new institution.

The Court has reviewed the docket sheet in Case No. 2:10-cv-965, in which Mr. Brown was permitted, by way of an order filed on January 6, 2012, to file an amended complaint, and it does appear he has never filed that complaint. It also appears, however, that he has never asked for an extension of time to file his amended complaint, even though he did ask for and received additional time to object to the Report and Recommendation which contained the order allowing him to amend. The Court also notes that the defendants have objected to that portion of the Report and Recommendation which recommended denying their motion to dismiss on grounds of qualified immunity, and that objection is still pending. Given these circumstances, it would be more appropriate for the issue of Mr. Brown's ability to prepare and file an amended complaint

4

in that case to be raised if the Court agrees that the defendants are not entitled to qualified immunity. Otherwise, any amendment to the complaint would be futile. Mr. Brown would certainly be free, at that time, to advise the Court about the current state of his access to his legal materials as they pertain to Case No. 2:10-cv-965, and if he is entitled to some remedy, the Court would have the power to issue it. It is a sound exercise of discretion, however, to leave that issue for another day, especially if it may never be an issue at all.

### III.

For the reasons stated above, Mr. Brown's motions for reconsideration of the Court's January 13, 2012 order (Doc. 76 in Case No. 2:10-cv-283; Doc. 76 in Case No. 2:10-cv-352; Docs. 76 in Case No. 2:10-cv-783; Doc. 61 in Case No. 2:10-cv-965; and Doc. 72 in Case No. 2:10-cv-967), are **DENIED**. His motion to stay proceedings in Case No. 2:10-cv-783 (Doc. 77) until after April 5, 2012 is **DENIED** as moot.

**IT IS SO ORDERED.**

7-6-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5