IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

    **Plaintiff,**

v.

Warden Deb Timmerman-Cooper,
et al.,

    **Defendants.**

Case No. 2:10-cv-283

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

On January 6, 2012, the Magistrate Judge issued a Report and Recommendation on defendants' motion for judgment on the pleadings. The Magistrate Judge recommended that the motion be granted as to Mr. Brown's class action allegations, and denied in all other respects. Both parties have filed objections to the Report and Recommendation. For the following reasons, the objections will be overruled and the Report and Recommendation will be adopted in its entirety.

I.

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After such review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1)(C).

II.

The Court will address Mr. Brown's objections first. He specifically objects to the recommended dismissal of his class action claim. However, he cites no law in support of the proposition that a *pro se* plaintiff can adequately represent a class of litigants, and, as the Report and Recommendation points out, the case law is clearly to the contrary. *See Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001). There is therefore no error in the Magistrate Judge's conclusion that the class claim must be dismissed.

The only other issue raised in Mr. Brown's objection is his statement that "[t]he Magistrate Judge erred when he ruled the motion for leave to supplement and motion to strike be denied as they are not a part of this proceeding, but pertain only to the motion for preliminary injunction and temporary restraining order." Objection, Doc. 81, at 1. The motion to supplement and to strike was ruled on by the Magistrate Judge in an order, and is subject to reversal only if the ruling is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). The Court has reviewed the motion (Doc. 56), which was filed in this and four other cases in which Mr. Brown is a plaintiff, and agrees that it should be denied. To the extent that it represents a request to file some type of supplemental pleading, no supplemental pleading is attached and the motion does not set forth any specific claims which might be included in such a pleading. The alternative portion of the motion appears to be a request for permission to file any additions or supplements to the pleadings and to have them denominated as "original pleadings." There is no authority in the Federal Rules of Civil Procedure for such relief. Therefore, this second portion of Mr. Brown's objection also lacks merit.

III.

The Court now addresses defendants' objections. The motion for judgment on the

2

pleadings advanced two arguments in support of the dismissal of Mr. Brown's individual claims; that the complaint did not adequately plead the defendants' personal involvement in the alleged unconstitutional activity about which Mr. Brown complains, and that Mr. Brown did not properly exhaust his prison grievance remedies before filing suit. The objection focuses on the latter of these issues. According to defendants, Mr. Brown did not identify any of them in either his informal or formal grievances, and his failure to do so precludes his filing suit against them because, in order properly to exhaust administrative remedies as to any particular defendant, that defendant must be named in the grievance which the inmate has filed.

The parties do not dispute the Report and Recommendation's description of the Ohio inmate grievance system, and the Court incorporates that portion of the Report and Recommendation (Doc. 65, at 4) by reference. It is a three-step process consisting of an informal complaint, a notification of grievance, and an appeal. Each step must be completed timely, and Ohio's administrative code requires that the first-level grievance specify the prison officials against whom it is directed. O.A.C. §5120-9-31(K)(" Informal complaints and grievances must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses"). The Court of Appeals has held that " a plaintiff generally fails to exhaust administrative remedies by failing to include an official's name in a grievance if it is required by the applicable grievance procedures." *Hall v. Warren*, 443 Fed. Appx. 99, 106 (6th Cir. October 18, 2011); *see also King v. Banks*, 2012 WL 1068103 (S.D. Ohio March 29, 2012).

Here, Mr. Brown attached one informal complaint to his initial pleading. As the Report and Recommendation notes, that complaint, dated September 9, 2008, did not name any specific

3

person as having been responsible for Mr. Brown's alleged lack of proper clothing or other items, and it identified only the quartermaster (who is not a defendant in this action) by position. Mr. Brown did appeal the denial of that grievance, and his appeal was denied on October 17, 2008. These documents are attached to the complaint.

That does not appear to be the only time Mr. Brown initiated the administrative process, however. The complaint also attaches copies of dispositions of a grievance which he filed on May 4, 2009 (*see* Page 6 of 11 of Doc. 4-1). That particular grievance apparently also involved clothing and laundry supplies. Mr. Brown appealed the denial of that grievance to the Chief Inspector, as required, and a copy of that disposition is also an exhibit to his complaint (Doc. 4-1, page 7 of 11). What is not in the record, however, is whatever Mr. Brown actually filed on May 4, 2009, which, under the applicable regulation, should have been his second-level grievance based on the fact that the initial denial came from the institutional inspector, defendant Blackwell. Whatever informal complaint preceded that grievance is also not part of the record.

Defendants assert that the Report and Recommendation erroneously stated that Mr. Brown's second grievance is not part of the record. They cite to page 10 of Doc. 4-1 as being that grievance. However, it is clear that the document to which they refer is an October 3, 2008 notification of grievance, which was Mr. Brown's second-level grievance related to the informal complaint which he submitted on September 9, 2008, and which was denied on October 17, 2008. A comparison of the numbers on the institutional inspector's denials confirms the existence of two separate sets of grievances and appeals; the 2008 grievance was designated LOCI-10-08-000023, see Doc. 4-1, page 11, whereas the 2009 grievance was designated LOCI-05-09-000003, see Doc. 4-1, page 6. Further, although the informal complaint which began the

4

2009 grievance process is not part of the record, the denials do not cite the failure to have submitted an informal complaint as a reason for denying Mr. Brown any relief. That means either that he did file such a complaint, or that the institution waived any procedural defect based upon his failure to do so.

What that means is this. The defendants are probably correct that the 2008 informal complaint, by not naming any of the defendants, does not constitute proper exhaustion of the prison grievance process, and Mr. Brown may not rely on that grievance to rebut the defendant's claim that he did not properly exhaust his administrative remedies. However, Mr. Brown had no obligation to place of all the potentially operable grievances into the record in order to demonstrate exhaustion, because exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). He clearly filed something in 2009 which produced institutional responses at the second and third levels, because that is what the attachments to the complaint show. There is no proof in the record that these filings did not identify one or more of the current defendants by name. Further, because this matter is before the Court by way of a motion for judgment on the pleadings, the Court does not have before it any affirmative proof that Mr. Brown did not file other grievances about this same subject within the applicable limitations period which also named some or all of the defendants as being responsible for the actions about which he complains.

Essentially, defendants wish the Court to conclude that the documents which Mr. Brown attached to his complaint - and, as noted, he had no obligation to attach any grievance documents at all - are the entire universe of his administrative complaints on this subject. Not only can the Court not reach that conclusion on the basis of the pleadings, but those documents show

5

affirmatively that he did pursue the administrative process in 2009, and there is no evidence before the Court showing that he did not do so properly.

Again, much of this discussion, which is based on a number of unknowns, would not be necessary had defendants simply moved for summary judgment on this issue, attached copies of all of Mr. Brown's complaints and grievances related to the issues in this case, and provided an affidavit to the effect that he filed no other complaints or grievances on these issues - if, in fact, that is the case. They chose to raise this issue by way of a motion for judgment on the pleadings, however, and have relied exclusively on the complaint and its exhibits as their proof of the affirmative defense of failure to exhaust the prison grievance system remedies. As demonstrated above, neither Mr. Brown's complaint nor the exhibits actually prove that defense. Therefore, the Report and Recommendation correctly concluded that the motion should be denied.

IV.

For the reasons stated above, both parties' objections (Docs. 70 and 81) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. 65) is **ADOPTED AND AFFIRMED**. The motion for judgment on the pleadings (Doc. 38) is **GRANTED** as to the class action claims in the complaint, and **DENIED** in all other respects. The previously-ordered stay of this case is lifted, and the Magistrate Judge is directed to issue a new scheduling order.

**IT IS SO ORDERED.**

7-10-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

6