```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Frank C. Brown, Jr.,              :

      Plaintiff,            :

   v.                            :   Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,  :   JUDGE EDMUND A. SARGUS, JR.
et al.,                              Magistrate Judge Kemp

      Defendants.           :

## REPORT AND RECOMMENDATION

Plaintiff Frank C. Brown, Jr., a state prisoner formerly housed at the London Correctional Institution, filed this civil rights action under 42 U.S.C. §1983. In his complaint, as explained in prior orders of this Court, Mr. Brown alleges that he and other inmates at London were denied adequate amounts of clothing, linens, hygiene materials, laundry detergent, washers, dryers, and cleaning supplies. Mr. Brown asserts that Defendants' actions violated the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

A Report and Recommendation filed on February 4, 2013 recommended granting Defendants' motion for judgment on the pleadings, denying Mr. Brown's motion for a temporary restraining order and for a permanent injunction, and dismissing the case. (Doc. #94). On February 13, 2013, Mr. Brown filed a motion for an extension of time to file objections to the Report and Recommendation. (Doc. #96). For good cause shown, the Court granted Mr. Brown an extension, allowing him until March 18, 2013 to file any objections. (Doc. #97). Mr. Brown did not file any objections to the Report and Recommendation. On April 2, 2013, the Court issued an Order adopting the Report and Recommendation.

(Doc. #98). Consequently, judgment was entered and this case was terminated. (Doc. #99).

On April 26, 2013, Mr. Brown filed a motion for reconsideration and reinstatement of the complaint. (Doc. #100). In the motion, Mr. Brown argues that Defendants' actions caused him to miss the deadline to file objections to the Report and Recommendation. In particular, Mr. Brown claims that Defendants transferred him to another institution, destroyed and confiscated his legal materials, and denied him access to the law library. Id. at 2. Mr. Brown claims that but for Defendants' actions, he could have filed objections prior to the applicable deadline. Id.

Defendants oppose Mr. Brown's motion, arguing that Mr. Brown fails to state a valid reason for the Court to reopen this case. (Doc. #101). Further, Defendants argue that they could not have been responsible for hindering Mr. Brown's ability to file objections because they are not employees of the institution where Mr. Brown is incarcerated. Id. at 2. More specifically, Defendants state that they are all employed at the London Correctional Institution, and Mr. Brown was transferred from London to the Madison Correctional Institution in December 2011, well before his objections were due. Thus, Defendants urge the Court to deny Mr. Brown's motion.

Mr. Brown filed a reply in support of the motion, claiming that his failure to file objections was "excusable neglect" under Fed. R. Civ. P. 60(b) caused by Defendants' actions. (Doc. #102 at 1). Accordingly, Mr. Brown maintains that this action should be reinstated.

Fed. R. Civ. P. 60(b) permits the Court to grant relief from final judgments, orders, or proceedings. The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  In determining whether relief is justified under Fed. R. Civ. P. 60(b)(1), the Court must consider three factors which include "(1) culpability – that is whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense."  Yeschick v. Mineta, 675 F.3d 622, 628-29 (6th Cir. 2012) (quoting Flynn v. People's Choice Home Loans, Inc., 440 Fed. Appx, 452, 457-58 (6th Cir. 2011)).  "A party seeking relief must first demonstrate lack of culpability before the court examines the remaining two factors."  Id.  The movant bears the burden of demonstrating that this case falls within the circumstances in Fed. R. Civ. P. 60(b).  See Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957).  Further, courts are "not to disturb the finality of a judgment without good reason."  Broussard v. Johnson, 254 F.3d 71, 71 (5th Cir. 2001).

   Here, Mr. Brown has not satisfied his burden of demonstrating that Fed. R. Civ. P. 60(b) applies due to excusable neglect or otherwise.  Mr. Brown does not assert that he was

unaware of the deadline to file objections to the Report and Recommendation due to his incarcerated status or that he did not receive notice of the Court's order extending that deadline in response to his motion.  Rather, Mr. Brown makes general accusations that Defendants are liable for his failure to file objections and that they impaired his ability to prosecute this action.  Mr. Brown does not dispute that he was transferred from London, where Defendants work, to Madison in December 2011.  This transfer took place more than two years prior to the filing deadline for the objections.  Moreover, the motion upon which the Court granted the extension makes no reference to Defendants allegedly impairing Mr. Brown's ability to prosecute the case.  Although the motion does indicate that Mr. Brown faced limitations arising from the law library, he indicated that he "may not need the additional time, however, tis better to have the time and not need it than to need the time and not have it." (Doc. #96 at 1.)  Thereafter, Mr. Brown did not file any objections.  Because Mr. Brown fails to demonstrate excusable neglect under Fed. R. Civ. P. 60(b), the Court will recommend that his motion for reconsideration and reinstatement of the complaint be denied.

Based on the foregoing, it is recommended that Mr. Brown's motion for reconsideration and reinstatement of the complaint (Doc. #100) be denied.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/Terence P. Kemp
United States Magistrate Judge