UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK C. BROWN, JR.,
    Plaintiff,

v.

Case No. 2:10-CV-283
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

WARDEN DEB TIMMERMAN-
COOPER, et al.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Frank C. Brown's motions for extension of time to file objections, doc. 117; doc. 118, as well as an underlying report and recommendation regarding Mr. Brown's motion for reconsideration, doc. 103. For the following reasons, the Court **DENIES** Mr. Brown's motions for extension of time to file objections and **ADOPTS** the report and recommendation.

I.

Mr. Brown is a state prisoner who proceeds pro se. He was formerly held at the London Correctional Institution ("LoCI") "until being transferred to the Madison Correctional Institution in late 2011." Doc. 94 at 2. He brings suit based on his time at LoCI:

> The body of his complaint takes issue with what he characterizes as "a practice of cruel and unusual punishment by not providing adequate clothing and sanitary conditions . . . ." In particular, he alleges that prison officials did not provide him with proper or adequate amounts of clothing and laundry facilities. Although he includes other inmates' situations in his allegations due to his effort to bring this case as a class action, he includes himself in a group of inmates who were issued two sets of underclothing, or whites, one or two sets of blues (which included shirts and pants), and "no hooded sweatshirts and/or coats or hooded coats for winter, spring, and fall wear." He also complains that the way laundry was scheduled, many inmates could wash their clothing only once a week. Finally, he asserts that linens were not timely exchanged for new ones and that the laundry schedule created sanitary problems with towels,

1

> which could lead to diseases such as "skin borne maladies, aphids, and illnesses." He does not allege, however, that he ever contracted any of these ailments.
>
> ... It appears that it was the Institution's policy not to allow inmates to use soap issued for bathing purposes as laundry detergent and to launder inmates' clothing once a week. Also, it appears that it was policy to issue an inmate three sets of state clothing rather than the one or two sets Mr. Brown claims to have received. Finally, one of Mr. Brown's grievances states, as does his complaint, that he was not given a hooded sweatshirt (at least when he arrived at London in September, 2008), but only a jacket, even though he had an outside job.

Doc. 94 at 2–3 (citations omitted). Based on these allegations, Mr. Brown filed suit against a number of LoCI employees alleging violations of his Eighth Amendment rights.

On February 4, 2013, Magistrate Judge Kemp recommended that Defendants' motion for judgment on the pleadings be granted and that this case be dismissed. Doc. 94 at 10. Neither Mr. Brown nor Defendants filed objections by April 2, 2014, and the Court thus adopted the report on that date. Doc. 98. Mr. Brown then moved for the Court to reconsider its April 2, 2013 Order adopting the unopposed report and recommendation. Doc. 100. On July 17, 2013, Magistrate Judge Kemp recommended denial of the motion. Doc. 103. Mr. Brown moved for two extensions of time to object to the July 17, 2013 recommendation that the Court deny the motion for reconsideration, doc. 108; doc. 12; both extensions were granted, doc. 111; doc. 114. Two matters remain pending: (1) the underlying report recommending denial of Mr. Brown's motion for reconsideration; and (2) Mr. Brown has also moved for another extension of time to file an objection to the recommendation that his motion for reconsideration be denied.

## II.

The Court deals first with Mr. Brown's motion for extension of time to object to the underlying report and recommendation. Under Rule 6(b), a party must show "good cause" for an extension of time to file an objection to a report and recommendation. Neither of Mr. Brown's

2

two explanations for an extension meets this standard. First, he explains that the law library he uses "is inadequate, overcrowded, constantly closed at the prison[']s discretion, and Brown has limited opportunity to use it." Doc. 117 at 1. Mr. Brown based both of his previous motions for extensions on the same reasons. Although he has now had ample time to use the law library (more than eight months), he has still failed to object to Magistrate Judge Kemp's report and recommendation. Limited access to the library, in other words, no longer serves as good cause for an extension. Second, Mr. Brown premises his motion for extension on "the defendants['] confiscation of [his] legal documents." Doc. 117 at 1. This does not establish good cause either. Mr. Brown provides no explanation for how the confiscated legal materials will help him address Magistrate Judge Kemp's recommendation that the Court deny his motion under Rule 60(b). In short, because he has had enough time to use available resources and because his explanation regarding his legal materials fails to persuade, Mr. Brown's motion for extension of time to object to the report and recommendation is denied.

## III.

### A.

The Court turns to the underlying report recommending denial of Mr. Brown's motion for reconsideration. By way of background, Defendants in this case moved for judgment on the pleadings in August of 2012; Magistrate Judge Kemp recommended granting the motion and dismissing the case; and although Mr. Brown received an extension of time to file an objection to the report and recommendation, he ultimately did not do so. Accordingly, on April 2, 2013, the Court adopted the unopposed report and recommendation and the case was dismissed. Later in April, Mr. Brown filed a motion under Rule 60(b)(1) for the Court to reconsider its adoption of the unopposed report and recommendation. Doc. 100. Magistrate Judge Kemp recommended

3

this Court deny the motion for reconsideration. Doc. 103. Given the circumstances of this case, although Mr. Brown has not objected, the Court undertakes a *de novo* review of the underlying report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006) (noting that failure to object normally results in waiver of a *de novo* review).

Mr. Brown cites excusable neglect under Rule 60(b)(1) for his failure to object to the original report recommending dismissal of this. *See* Fed. R. Civ. P. 60(b)(1) ("[T]he court may relieve a party ... from final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect; ..."). Courts consider three factors in deciding whether to grant relief under Rule 60(b)(1): "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* Magistrate Judge Kemp then applied Mr. Brown's motion to the guiding factors and recommended denial of the motion.

After reviewing the matter *de novo*, the Court agrees with Magistrate Judge Kemp—none of Mr. Brown's three reasons establishes excusable neglect for not objecting to the recommendation to dismiss this case. First, Mr. Brown blamed his failure to object in part on his move to a different correctional facility. However, "[t]his transfer took place more than two years prior to the filing deadline for the objections," and thus does not provide support for an assertion of excusable neglect. Doc. 103 at 4. Second, Mr. Brown's motion for reconsideration indicates that he "faced limitations arising from the [restrictions on] law library [hours]." *Id.* Magistrate Judge Kemp accounted for this issue by granting Mr. Brown an extension of time to file any objections to the report and recommendation; despite this, Mr. Brown still failed to file

4

any objections. Further, his motion for extension of time also indicated that the limited library time had not hindered his ability to prepare and file motions in this case. *See* doc. 96 at 1(noting that "may not need the additional time, however, tis better to have the time and not need it than to need the time and not have it"). Third, Mr. Brown avers that Defendants either confiscated or destroyed his legal files as to this case. As explained above, however, Mr. Brown fails to explain how these materials might have had or did have any bearing on his failure to object to the recommendation that his case be dismissed. In short, for the reasons stated both here and in Magistrate Judge Kemp's report and recommendation, the report and recommendation is adopted. Mr. Brown's motion for reconsideration is thus denied.

### B.

Mr. Brown has also filed two additional post-judgment motions: one for a motion to stay the proceedings in this case, doc. 109, and one for relief determination, doc. 115. Because this case has been dismissed and closed, and because the motion for reconsideration has now been denied, Mr. Brown's remaining motions are denied as moot.

### IV.

For the foregoing reasons, Court **DENIES** Mr. Brown's motions for extension of time, doc. 117; doc. 118, and **ADOPTS** the report and recommendation, doc. 103. Accordingly, Mr. Brown's remaining motions, doc. 109; doc. 115, are **DENIED as moot**.

**IT IS SO ORDERED.**

_8-21-2014_
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

5